UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
THOMAS JAMES CLAUSO,                :
                                    :
        Petitioner,                 :   Civ. No. 18-12441 (NLH)
                                    :
    v.                              :   OPINION
                                    :
WILLIE BONDS,                       :
                                    :
        Respondent.                 :
_____ :

APPEARANCE:
Thomas James Clauso, No. 59252 SBI 8532A
South Woods State Prison
215 South Burlington Road
Bridgeton, NJ 08302
    Petitioner Pro se

HILLMAN, District Judge

　　Petitioner Thomas James Clauso, a prisoner presently incarcerated at the South Woods State Prison in Bridgeton, New Jersey, filed this petition for writ of habeas corpus under 28 U.S.C. § 2254, which appears to challenge the conditions of his confinement. See ECF No. 1. At this time, the Court will review the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases (amended Dec. 1, 2004). See also 28 U.S.C. § 2243. For the reasons set forth below, the Court will dismiss the Petition for lack of jurisdiction.

I.　BACKGROUND

　　In Ground One of the Petition, Petitioner states that "Guard Goldsburgh along with Guard Jackson refuse to let me out

of the cell since June 27, 2018. Both guards called me a cracker." ECF No. 1 at 5. He then said to the guards, "Fuck You." Id. Both guards apparently run the yard list for recreation. Id. He also alleges that he wrote the warden about his concern and also states that it is not good for one's mental health to be behind a solid door. Id.

As for Ground Two, Petitioner states that he has "the federal and state constitutional right to a hearing to due process before any right [or] privilege can be taken" and that "these guards and warden are" "liars and oppressors." Id. at 7.

In Ground Three, Petitioner alleges that he is a veteran who was honorably discharged, is disabled and in a wheelchair, and a great grandfather. Id. at 8.

In Ground Four, Petitioner alleges that (1) his soulmate and partner of forty years is in U.S. Court in Newark to get his papers filed, (2) he has a son and a daughter, (3) he is being tortured, (4) he is 6'4", 260 lbs., and 71 years old, and the remainder of the ground is illegible ("I had 2 [illegible] 24 day 2"). Id. at 10.

Finally, in the section of the Petition in which the Petitioner is supposed to address the timeliness of his Petition, the Petitioner states that he has a rash and scratching, and the guards and administration are causing him medical problems. Id. at 14.

Petitioner generally reiterates throughout the Petition that "there was no hearing (no disciplinary charge) no due process no charge no hearing." See, e.g., id. at 1. As for his relief, he would like to go to the recreation yard and to see sun, clouds, and rain. Id. at 15.

II. DISCUSSION

A. STANDARD OF REVIEW

Title 28, section 2243 of the U.S. Code, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schult, 708 F.3d 140, 148 n.3 (3d Cir. 2013); see also 28 U.S.C. §§ 2243, 2241, 2254.

B. ANALYSIS

Construing the Petition liberally, Petitioner seeks to challenge his conditions of confinement at South Woods State Prison. The Petition must be summarily dismissed, however, because the Court lacks jurisdiction over these claims brought pursuant to 28 U.S.C. § 2254.

Section 2254 provides, in relevant part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> (b)
>
>> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>>
>>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>>
>>> (B)
>>>
>>>> (i) there is an absence of available State corrective process; or
>>>>
>>>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(a), (b).

To the extent that Petitioner is challenging his lack of access to the recreation yard or his medical care, such claims are in reality a challenge to his conditions of confinement and must be brought as a civil rights claim pursuant to 42 U.S.C. §

1983.  See Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) ("[W]henever the challenge ultimately attacks the 'core of habeas' — the validity of the continued conviction or the fact or length of the sentence — a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition.  Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.").  The Court can glean no challenge to the validity of his conviction or fact or length of his sentence that would be cognizable in a habeas petition.  As such, the Court lacks jurisdiction over the conditions of confinement claims, which are not cognizable in a § 2254 petition.  Petitioner may wish to bring a conditions of confinement claim in a civil rights action, and the Court will direct the Clerk's Office to provide Petitioner with a blank civil rights complaint form.

III. CONCLUSION

For the foregoing reasons, the Petition will be summarily dismissed due to a lack of jurisdiction.  An appropriate order will be entered.


Dated: December 28, 2018         s/ Noel L. Hillman
At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J.